FRANCISCO MONTALVO, JR. V. STATE

No. 28,359. June 6, 1956.

*John A. Pope, Jr.,* Rio Grande City, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is aggravated assault; the punishment, 30 days in jail and a fine of $100.

The complaint and information alleged an assault upon Santos Ozuna, a deputy sheriff then in the lawful discharge of the duties of his office, and further alleged "and the said Francisco Montalvo, Jr. then and there being informed and knowing that the said Santos Ozuna was then and there an officer discharging an official duty."

Trial was before the court upon a plea of not guilty, and the sole ground for reversal is the insufficiency of the evidence to sustain the conviction.

Santos Ozuna, the evidence shows, had been a deputy sheriff in Starr County for three years, prior to which time he was constable for two years. He resided at Casita, which was two and a half to three miles from La Puerta, and had known appellant, who lived less than a mile from Casita, all of his life.

On December 24, 1955, a dance was held at La Puerta, Santos Ozuna, wearing his deputy sheriff badge, witnessed a disturbance there in which Juan Garza and Roberto Cardenas struck each other and were disturbing the peace.

Ozuna told the boys that they were under arrest. Roberto Cardenas said "All right," and while Ozuna was talking to Juan Garza appellant, who was present "came behind me and told me not to hit him, and he pushed me. * * * told me 'let them fight.' "

Following this, Ozuna struck and pushed appellant. Others, including appellant's brother, came in and Ozuna drew his gun and was circled by appellant, his brother and others. Appellant is not shown to have again struck the officer but "went toward me, this boy and his brother and the rest of them, there were 15 or 20 of them."

"Q. What happened then? A. I kept on walking backwards and telling them not to get near me."

The evidence has been stated from the standpoint of the

state and from the testimony of the injured party and, as we view it, it is sufficient to sustain a finding by the trial judge that appellant committed an assault upon Ozuna when he pushed him; that such assault was made while Ozuna was in the lawful discharge of the duties of his office, he being in the act of arresting appellant's companions for a breach of the peace committed in his presence; and that appellant knew that such arrest was being made by Ozuna in the legal discharge of his duties, he being present when Ozuna told the boys they were under arrest.

It is not contended that appellant did not know that Ozuna was an officer, and in view of the length of his service and the proximity of their respective homes in a sparsely settled rural area, it could hardly be said that the proof is deficient in this regard.

Appellant contends that the evidence does not show an intent on his part to interfere or interrupt the officer in the discharge of his lawful duties.

While the violence actually used by appellant upon the officer was slight, we are unable to agree that the trial judge was not authorized to find that such "pushing" constituted an assault which was made for the purpose of and in fact did interrupt Ozuna in making a lawful arrest.

The judgment is affirmed.